CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| REV. PIERRE A. RENOIR, | ) |
| Plaintiff, | ) Civil Action No. 7:06cv00641 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| Y. TAYLOR, et al., | ) By: James C. Turk |
| Defendants. | ) Senior United States District Judge |

Reverend Pierre A. Renoir, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against various Virginia Department of Corrections employees at Red Onion State Prison ("ROSP") and other "unknown" members of the Virginia Department of Corrections ("VDOC") staff. Since filing his complaint, Renoir has been transferred to Wallens Ridge State Prison ("WRSP"). Renoir's complaint, with amendments, claims that the defendants violated his federal constitutional rights by failing to protect him from an assault by another inmate at ROSP, by using excessive force against him at ROSP, by "illegally" transferring him to WRSP, by mocking him during his transfer to WRSP, and by allegedly stealing and/or destroying various personal property and documents during his transfer to WRSP. Because Renoir has previously filed three civil actions that the federal courts dismissed for failure to state a claim upon which relief may be granted, Renoir cannot proceed without prepaying the full filing fee unless he first demonstrates that he "is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g). Renoir has not shown that he is in danger of serious physical harm. Accordingly, for the reasons stated, the court dismisses his suit without prejudice.

---

[1] See Renoir v. Miller, Civil Action No. 7:99CV00330 (W.D. Va. Dec. 21, 1999); Renoir v. Angelone, Civil Action No. 7:99CV00211 (W.D. Va. Oct. 29, 1999); Renoir v. McMillan, Civil Action No. 7:99CV00356 (W.D. Va. June 28, 1999).

# I.

In his initial complaint, Renoir claims that on October 14, 2006, ROSP staff required him to let a progressive housing inmate cut his hair while Renoir remained in handcuffs and leg irons. During the haircut, this inmate assaulted him by beating him over the head repeatedly and pulling his hair out, resulting in head and neck injuries and several bald spots for which he alleges he was denied medical treatment.

Renoir further alleges that five days later, he told ROSP correctional officers he intended to file criminal charges regarding the haircutting incident. In response, defendant Correctional Officers Cox and Boyd allegedly pushed him down two sets of stairs, causing him to lose consciousness and "irreparable harm to [his] head and various body parts." He further asserts that he has "no doubt gotten a concussion and could die [from his injuries]."

On November 8, 2006, Renoir filed a motion to amend his complaint in order to update and add additional claims, which the court will grant. In his amended complaint, Renoir concedes that since entering WRSP, he has been examined by the prison physician for the injuries that he alleges he received from the haircutting and excessive force incidents. Renoir makes additional allegations that, in an attempt to "cover-up" the two previously mentioned incidents, Warden Ray of ROSP and Warden Braxton of WRSP "conspired to illegally transfer [him]" to WRSP. Renoir also alleges that during his transfer from ROSP to WRSP, the prison guards mocked his French ancestry, and when he arrived at WRSP several of his personal items as well as documents had either been stolen or destroyed by ROSP guards.[2]

---

[2] In his amended complaint, Renoir alleges that while most of his property was returned to him when he arrived at WRSP, he was missing: 10 toothpaste packs, 27 handcreams, 17 shavecreams, two legal mail items, and

2

## II.

Because the federal courts have previously dismissed three of Renoir's complaints for failure to state a claim upon which the court may grant relief, Renoir cannot proceed with this action unless he either pays the full filing fee or demonstrates that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Renoir has not prepaid the filing fee and, therefore, the only question before the court is whether he has demonstrated that he was in imminent danger of serious physical injury either when he filed his complaint or at some time thereafter. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (4th Cir. 2001). "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Renoir's allegations regarding his claims of failure to protect and excessive force both occurred while he was at ROSP. Renoir's allegations of an illegal transfer, mocking by guards, and stolen or destroyed property do not demonstrate any past, present, or future serious physical injury. Since Renoir is now at WRSP and because the allegations that Renoir makes are only of past events and do not demonstrate that he is at risk of future injury, the court finds that Renoir has not demonstrated that he under imminent danger of serious physical injury and, therefore, dismisses Renoir's complaint without prejudice pursuant to 28 U.S.C. § 1915(g).[3]

---

one personal mail item.

[3] The court has previously notified Renoir that, as long as he remains a prisoner, he may not file civil actions or appeals in federal court without prepayment of the full filing fee unless he demonstrates he is under imminent danger of serious physical injury. Accordingly, the court will not afford Renoir additional time to either pay the full filing fee or demonstrate that he is under imminent danger of serious physical injury.

3

## III.

Renoir also filed a motion for emergency transfer (Docket #7). Claims for injunctive relief become moot when a prisoner is no longer subjected to the condition complained of. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). As Renoir has been transferred to WRSP, he is no longer subjected to the conditions he complained of in this action, therefore his claim for injunctive relief is moot.[4]

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 16th day of November, 2006.

*[signature]*
Senior United States District Judge

---

[4] Renoir alleges that he is in danger at WRSP because the prison is "10 times more notorious than Red Onion for prison cruelty, brutality, and attacks by staff on prisoners,[and] run by a warden who hates me enough to kill me himself." However, Renoir has not alleged any actual danger or injury caused by the staff at WRSP, and further, his current action only names staff at ROSP.

4